**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                   CASE NO: 8:05-cr-206-T-30MAP

CALVIN LAMONT LINDSEY
_____/

# **ORDER**

This cause comes before the Court on [Dkt. 29] Defendant's *pro se* Motion Pursuant to 18 U.S.C. § 3582(C)(2) and Amendment 706 for Crack Cocaine Offenses. The United States Sentencing Commission has promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses in many cases for eligible defendants sentenced on or after November 1, 2007. The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007.

Defendant pled guilty to Count One of the Indictment alleging Possession With Intent to Distribute and Distribution of 5 Grams or More of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). On November 21, 2006, the Defendant appeared for sentencing. The Court determined that the Defendant was subject to the career offender enhancement which yielded a total offense level of 31 and a criminal history category of VI. The sentencing range became 188 months to 235 months. After consideration by the Court of an in-camera issue, the Defendant was sentenced to a term of imprisonment of 140 months.

The Defendant was found to be a Career Offender as defined at USSG §4B1.1. The Defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. These predicate offenses consisted of (1) Possession of Cocaine with Intent to Deliver, Circuit Court of Hillsborough County, Florida, Case No. 01-CF-16926, a felony controlled substance offense, sentenced on June 2, 2002, and (2) Aggravated Fleeing to Elude, Circuit Court of Hillsborough County, Florida, Case No. 03-CF-2736, a felony that is a crime of violence, sentenced on May 19, 2003. Because the defendant's guideline calculations are dictated by the career offender provisions, Amendment 706 would not have the effect of reducing the defendant's guideline calculations. Therefore, a reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2). See *United States v. Tingle*, No. 08-1777, 2008 WL 1902055 (8th Cir. May 1, 2008).

IT IS therefore ORDERED and ADJUDGED that Defendant's *pro se* Motion Pursuant to 18 U.S.C. § 3582(C)(2) and Amendment 706 for Crack Cocaine Offenses [Dkt. 29] is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on April 23, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Defendant,   Calvin Lamont Lindsey, #48515-018
             FCI Bennettsville
             P.O. Box 52020
             Bennettsville, S.C. 29512
U.S. Probation
Bureau of Prisons